U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

2020 DEC 28  PM 3: 11

| | | |
|---|---|---|
| MORGAN MCANDREWS | : | COMPLAINT AND   CLERK |
| | : | JURY DEMAND, BY   LAW |
| *Plaintiff* | : | DEPUTY CLERK |
| | : | NO.  5:20-CV-224 |
| vs. | : | |
| | : | |
| SALOMON S.A.S. -and-TOTEM POLE SKI | : | |
| SHOP, INC. -and- JOHN DOES 1-10, | : | |
| FICTITIOUS DEFENDANT(S) | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

Plaintiff, Morgan McAndrews ("Plaintiff"), by and through her counsel, brings this

Complaint to set forth against Defendants SALOMON S.A.S., TOTEM POLE SKI SHOP, INC.,

and JOHN DOES 1-10, FICTITIOUS DEFENDANT(S), (collectively, "Defendants'" as the

context may require) for injuries sustained as a result of defectively-manufactured Salomon X

Drive Focus Skis designed, distributed, assembled, marketed, manufactured, maintained,

repaired, serviced, provided safety recommendations for, rented, and/or sold by Defendants and

their agents, servants, employees, workmen, and/or representatives.  In support, Plaintiff states

and avers as follows:

### PARTIES

1.  Plaintiff, Morgan McAndrews, is, and was, at all relevant times, a citizen and resident of

the Commonwealth of Pennsylvania, residing therein in Delaware County.

2.  Defendant, Salomon S.A.S. was and is now a business entity, believed to be a simplified

stock company, duly organized and existing under the laws of the nation of France, with a

principal place of business located therein at Lieu-dit la ravoire Metz Tessy, 74370 France.

3. Defendant, Totem Pole Ski Shop, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Vermont, with a principal place of business located therein at 16 1/2 Pond Street Ludlow, VT 05149.

4. Defendants, John Does 1-10, are individuals, corporations, or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, sold, supplied, repaired, serviced, modified, leased, maintained and/or distributed the subject skis involved in Plaintiff's accident.

5. At all times material herein, the Defendants, and each of them, acted by and through their respective employees, agents, servants, workmen and/or other representatives who were, in turn, acting within the course and scope of their employment, agency, and/or service for same and under the direct control of the Defendants.

## JURISDICTION AND VENUE

6. Damages sought in this matter are in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332.

7. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue on remand is proper in the District Court of Vermont pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

9. Defendants conducted substantial business in the State of Vermont and in this District, distribute and sell Salomon X Drive Focus Skis in this District, receive substantial compensation and profits from sales, distribution, and rentals of skis in this District, and made material omissions and misrepresentations and breaches of warranties in this District so as to subject them to *in personam* jurisdiction in this District.

10. Defendants conducted business in the State of Vermont through sales representatives conducting business in the State of Vermont and because Defendants were engaged in testing, developing, manufacturing, labeling, marketing, distributing, promotion, selling, distributing, and/or renting, either directly or indirectly, and/or through third parties or related entities, Salomon X Drive Focus Skis; thus, there exists a sufficient nexus between Defendant forum contacts and the Plaintiff's claims to justify assertion of jurisdiction in Vermont.

11. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over Defendants, because Defendants are present in the State of Vermont such that requiring an appearance does not offend traditional notices of fair play and substantial justice.

## FACTUAL BACKGROUND

12. At all times material herein, the Defendants, and each of them, acted by and through their respective employees, agents, servants, workmen and/or other representatives who were, in turn, acting within the course and scope of their employment, agency, and/or service for same and under the direct control of the Defendants.

13. At all times relevant hereto, the Defendants, by and through their respective employees, agents, servants, workmen and/or other representatives, were regularly engaged in the business of designing and manufacturing skis for private and/or recreational use, including designing, distributing, assembling, installing, marketing, manufacturing, apparently manufacturing, maintaining, providing safety recommendations, renting, and/or selling skis, including the subject Salomon X Drive Focus Skis, and the component parts thereto, depicted in the photograph attached hereto as Exhibit A, and all associated instruction manuals and warnings.

14. At all times relevant hereto, the Defendants designed, distributed, assembled, installed, marketed, manufactured, apparently manufactured, maintained, repaired, serviced, provided safety recommendations, rented, and/or sold the subject Salomon X Drive Focus Skis, and the component parts thereto, and all instruction manuals and associated warnings.

15. On or about January 10, 2020, Plaintiff, Morgan McAndrews, was lawfully on the property of Okemo Limited Liability Company, d/b/a Okemo Mountain Resort, and had rented from Defendant Totem Pole Ski Shop, Inc. the subject Salomon X Drive Focus Skis, designed and manufactured by Defendant Salomon, S.A.S. Plaintiff was skiing downhill while utilizing the subject Salomon X Drive Focus Skis and attempted to slow down when she fell to her right side. As Plaintiff was attempting to slow down, suddenly and without warning, and as a result of the defective and dangerous condition of the subject ski, the right ski disconnected from Plaintiff's right foot and an exposed sharp metal prong on the top of the ski sliced open Plaintiff's left knee, thereby causing Plaintiff to sustain severe and permanent bodily injuries, scarring and losses more fully set forth hereinafter.

16. At all times material hereto, Plaintiff acted with due care.

## COUNT I
## STRICT LIABILITY – DESIGN DEFECT

17. The plaintiff hereby incorporates by reference paragraphs one (1) through sixteen (16) above as though set forth fully at length herein.

18. At the time of Plaintiff's injuries, the Defendants' Salomon X Drive Focus Skis were defective and unreasonably dangerous to foreseeable consumers, patients, and users, including Plaintiff, and the warnings labels and instructions were deficient.

19. The Salomon X Drive Focus Skis was placed into the stream of commerce by the Defendants with the expectation that it would reach consumers in Vermont without substantial

change in condition and, as of January 10, 2020, there had been no substantial change in the condition of the Salomon X Drive Focus Skis.

20. The Salomon X Drive Focus Skis used by Plaintiff Morgan McAndrews were in the same or substantially similar condition as when it left the Defendants' possession, and in the condition directed by and expected by the Defendants.

21. The Salomon X Drive Focus Skis used by Plaintiff were not reasonably safe for their intended use and were defective with respect to their manufacture, as described herein, in that Defendants deviated materially from their design and manufacturing specifications and/or such design and manufacture posed an unreasonable risk of harm to persons using the afore-mentioned Salomon X Drive Focus Skis.

22. The Salomon X Drive Focus Skis are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations of persons using Salomon X Drive Focus Skis.

23. The Salomon X Drive Focus Skis create risks to the health and safety of users that are far more significant and devastating than the risks posed by other skis, and which far outweigh the utility of the skis.  Moreover, Defendants could have provided a safer alternative design to the skis that included, among other things, plastic prongs, and/or a tip protector.  Such a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.  The Salomon X Drive Focus Skis' defective design was a proximate cause of the Plaintiff's injuries and damages.

24. The Defendants have intentionally and recklessly manufactured, the Salomon X Drive Focus Skis with wanton and willful disregard for the rights and health of the Plaintiff and others,

and with malice, placing their economic interests above the health and safety of the Plaintiff and others.

25. The Salomon X Drive Focus Skis used by Plaintiff were not reasonably safe for their intended use and were defective as described herein with respect to its design. The subject Salomon X Drive Focus Skis' design defects include, but are not limited to:

     a.  designing/manufacturing/distributing, and/or selling the subject Salomon X Drive Focus Skis, the component parts thereto in a defective and dangerous condition so as to cause injury to the Plaintiff, specifically including metal prongs on the tip of the ski which can pull outward from the ski, creating a sharp point;

     b.  failing to design, manufacture and/or sell the subject Salomon X Drive Focus Skis and the component parts thereto to include an effective tip protector preventing metal component parts from pulling away from the ski;

     c.  failing to properly equip the subject Salomon X Drive Focus Skis and the component parts thereto with an appropriate safety mechanism to prevent exposed metal component parts from pulling away from the ski;

     d.  failing to properly design the subject Salomon X Drive Focus Skis and the component parts thereto to warn users when tip protectors are not present.

     e.  failing to properly design the subject Salomon X Drive Focus Skis and the component parts thereto so that a metal prong could be left exposed thereby creating a dangerous condition.

     f.  creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

     g.  failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, and/or sale of the subject Salomon X Drive Focus Skis, and the component parts thereto;

     h.  failing to ensure that the subject Salomon X Drive Focus Skis and the component parts thereto could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

     i.  failing to warn purchasers and end users of the dangers of the subject product; and

       j.   any other acts or omissions that may be revealed in discovery.

26. Plaintiff adopts the Restatement of Torts (Second) and/or the Restatement of Torts (Third), bringing strict product liability claims under the common law, Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third)) against Defendants.

27. As a proximate result of the Defendants' design, manufacture, marketing, sale, and distribution of the Salomon X Drive Focus Skis, Plaintiff has been injured, often catastrophically, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

28. Specifically, the Salomon X Drive Focus Skis left tip prong became exposed causing Plaintiff to suffer from severe complications, including but not limited to: severe pain with daily activities, and economic damages.

29. The Defendants failed to exercise ordinary care in the representations concerning the subject Salomon X Drive Focus Skis while they were involved in their manufacture, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because the Defendants negligently misrepresented the Product's high risk of unreasonable, dangerous injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT II
## NEGLIGENCE

30. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

31. Defendants had a duty to exercise reasonable and ordinary care in the manufacture, design, labeling, instructions, warnings, sale, rental, marketing, and distribution of the Defendants' Salomon X Drive Focus Skis.

32. Defendants breached their duty of care to the Plaintiff, as aforesaid, in the manufacture, design, labeling, warnings, instructions, rental, sale, marketing, distribution, of Salomon X Drive Focus Skis.

33. At all times material, Defendants failed to exercise reasonable care under the circumstances, as it knew, or in the exercise of reasonable care, should have known, that its Salomon X Drive Focus Skis were not properly manufactured, compounded, assembled, inspected, packaged, distributed, tested, analyzed, examined, or prepared, such that the skis were defective, unreasonably dangerous, and likely to injure its users, including Plaintiff herein.

34. Also, Defendants failed to exercise reasonable care under the circumstances, as it knew, or in the exercise of reasonable care, should have known, that its Salomon X Drive Focus Skis were distributed, rented, and/or sold without sufficient warnings or instruction (both before as well as after their sale), such that the Salomon X Drive Focus Skis were likely to injure its users, including Plaintiff herein.

35. As a result of said failures, the Salomon X Drive Focus Skis were unreasonably dangerous and defective in design and unaccompanied by adequate warnings concerning their hazardous properties.

36. Further, Defendants failed to exercise reasonable care under the circumstances, as it knew, or in the exercise of reasonable care, should have known, that its Salomon X Drive Focus

Skis and the information (including warnings, instructions, detailing, advertising, promotion, and representations) about the characteristics and properties of the skis; the potential risks associated with its use was inaccurate or incomplete, such that the skis were likely to injure its users, including Plaintiff herein.

37. Defendants also failed to conduct sufficient testing, quality assurance measures and/or inspection of its Salomon X Drive Focus Skis, both prior to and after clearance of the product for rental and/or sale, which, if properly performed, would have revealed or led, long ago, to the detection of defects in the Salomon X Drive Focus Skis and inadequacy in the warnings and instructions which accompanied the skis, such that the injuries suffered by Plaintiff herein could have been prevented.

38. These negligent acts by Defendants resulted in the rental of Salomon X Drive Focus Skis that were unreasonably dangerous, unsafe, and not reasonably fit for the uses and purposes for which the skis would ordinarily be put or some other reasonably foreseeable purpose and the unreasonably dangerous condition existed when such skis, including the particular skis used by Plaintiff, left Defendants' custody and control.

39. Defendants knew or should have known that the Salomon X Drive Focus Skis subjected Plaintiff to unreasonably dangerous risks of which the Plaintiff would not be aware. Nevertheless, Defendants advertised, marketed, rented, sold, and/or distributed the Salomon X Drive Focus Skis device at a time when Defendants knew that there were safer products and/or safer manufacturing, designing, labeling, and/or warning methods available.

40. Had Plaintiff known of the unreasonably dangerous risks associated with the Salomon X Drive Focus Skis at the time of her rental, such knowledge would have affected her choice and Plaintiff would not have consented to the use of the skis.

41. As a proximate result of the Defendants' design, manufacture, labeling, marketing, rental, sale, and distribution of the Salomon X Drive Focus Skis, Plaintiff has been injured, often catastrophically, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT III
## STRICT LIABILITY - FAILURE TO WARN

42. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

43. The Defendants failed to properly and adequately warn and instruct the Plaintiff as to the safest and most effective use of the Defendants' Salomon X Drive Focus Skis.

44. The Defendants failed to properly and adequately warn and instruct the Plaintiff as to the risks of the Defendants' Salomon X Drive Focus Skis.

45. The Defendants failed to properly and adequately warn and instruct the Plaintiff with regard to the inadequate research and testing of the Salomon X Drive Focus Skis.

46. In addition, the subject Salomon X Drive Focus Skis were defective due to the lack of necessary and appropriate warnings regarding, but not limited to, the following:

   a. Failing to warn the subject Salomon X Drive Focus Skis, the component parts thereto were in a defective and dangerous condition so as to cause injury to the Plaintiff, specifically including metal prongs on the tip of the ski which can pull outward from the ski, creating a sharp point;

b.  failing to warn of the lack of an effective tip protector which would have prevented metal component parts from pulling away from the ski;

c.  failing to warn of the lack of an appropriate safety mechanism to prevent exposed metal component parts from pulling away from the ski;

d.  failing to warn users when tip protectors are not present;

e.  failing to warn that a metal prong could be left exposed thereby creating a dangerous condition;

f.  failing to warn of the lack of proper safety and operational instructions to end users of its product such as Plaintiff;

g.  failing to warn that the subject Salomon X Drive Focus Skis and the component parts thereto could be used in a manner which would cause a danger to potential third parties, such as the Plaintiff;

h.  the hazards associated with the subject Salomon X Drive Focus Skis;

i.  the subject Salomon X Drive Focus Skis' defects described herein; and

j.  use of the Salomon X Drive Focus Skis puts users such as Plaintiff at greater risk of harm than feasible available alternatives.

47. The Defendants intentionally, recklessly, and maliciously misrepresented the safety, risks, and benefits of the Defendants' Salomon X Drive Focus Skis, understating the risks and exaggerating the benefits in order to advance their own financial interests, with wanton and willful disregard for the rights and health of the Plaintiff.

48. As a proximate result of the Defendants' design, manufacture, marketing, sale, and distribution of the Salomon X Drive Focus Skis, Plaintiff has been injured, often catastrophically, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

49. The Defendants are strictly liable in tort to the Plaintiff for their wrongful conduct.

WHEREFORE, Plaintiffs demand judgment against Defendants of compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## COUNT IV
## BREACH OF EXPRESS WARRANTY

50. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

51. At all relevant and material times, Defendants manufactured, distributed, advertised, promoted, rented, and sold the Defendants' Salomon X Drive Focus Skis.

52. At all relevant times, Defendants intended that the Defendants' Salomon X Drive Focus Skis be used in the manner that Plaintiff in fact used it and Defendants expressly warranted that the product was safe and fit for use by consumers, that it was of merchantable quality, and that it was adequately tested and fit for its intended use.

53. At all relevant times, Defendants were aware that consumers, including Plaintiff, would use the Salomon X Drive Focus Skis; which is to say that Plaintiff was a foreseeable user of the Defendants' Salomon X Drive Focus Skis.

54. Plaintiff was at all relevant times in privity with Defendants.

55. The Defendants' Salomon X Drive Focus Skis were expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendants.

56. Defendants breached various express warranties with respect to the Salomon X Drive Focus Skis including the following particulars:

      a. Defendants represented to Plaintiff through its labeling, advertising, and marketing materials, that the Defendants' Salomon X Drive Focus Skis were safe

and fraudulently withheld and concealed information about the substantial risks of serious injury associated with using the Salomon X Drive Focus Skis;

b. Defendants represented to Plaintiff that the Defendants' Salomon X Drive Focus Skis were as safe, and/or safer than other alternative skis and fraudulently concealed information, which demonstrated that the Salomon X Drive Focus Skis were not safer than alternatives available on the market.

57. In reliance upon Defendants' express warranty, Plaintiff used Defendant's Salomon X Drive Focus Skis as directed, and therefore, in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendants.

58. At the time of making such express warranties, Defendants knew or should have known that the Defendants' Salomon X Drive Focus Skis do not conform to these express representations because the Defendants' skis were not safe, thus making the Defendants' skis unreasonably unsafe for its intended purpose.

59. Defendants breached their express warranties to Plaintiff in that the Defendants' Salomon X Drive Focus Skis were not of merchantable quality, safe and fit for its intended uses, nor were they adequately tested.

60. As a proximate result of the Defendants' conduct, Plaintiff has been injured, often catastrophically, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT V
## BREACH OF IMPLIED WARRANTY

61. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

62. At all relevant and material times, Defendants manufactured, distributed, advertised, rented, and sold the Defendants' Salomon X Drive Focus Skis.

63. At all relevant times, Defendants intended that the Defendants' Salomon X Drive Focus Skis be used for the purposes and in the manner that Plaintiff in fact used them and Defendants impliedly warranted the product to be of merchantable quality, safe and fit for such use, and was adequately tested.

64. Defendants were aware that consumers, including Plaintiff would use the Defendants' Salomon X Drive Focus Skis in the manner directed by the instructions for use; which is to say that Plaintiff was a foreseeable user of the Defendants' Salomon X Drive Focus Skis.

65. Plaintiff was at all relevant times in privity with Defendants.

66. The Defendants' Salomon X Drive Focus Skis were expected to reach and did in fact reach consumers, including Plaintiff without substantial change in the condition in which it was manufactured and sold by Defendants.

67. Defendants breached various implied warranties with respect to the Defendants' Salomon X Drive Focus Skis, including the following particulars:

      a. Defendants represented through their labeling, advertising, and marketing materials, that the Defendants' skis were safe and fraudulently withheld and concealed information about the substantial risks of serious injury associated with using the Salomon X Drive Focus Skis; and

      b. Defendants represented that the Defendants' Salomon X Drive Focus Skis were safe, and/or safer than other alternative devices or procedures and fraudulently

concealed information, which demonstrated that the Defendants' Salomon X Drive Focus Skis were not as safe or safer than alternatives available on the market.

68. In reliance upon Defendants' implied warranty, Plaintiff used the Salomon X Drive Focus Skis in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendants.

69. Defendants breached their implied warranty to Plaintiff in that the Defendants' Salomon X Drive Focus Skis were not of merchantable quality, safe and fit for their intended use, or adequately tested.

70. As a proximate result of the Defendants' conduct, Plaintiff has been injured, often catastrophically, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT VIII
## GROSS NEGLIGENCE

71. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

72. The wrongs done by Defendants were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendants' conduct, including the failure to comply

with applicable Federal standards: was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendants, knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff.

73. Plaintiff relied on the representation and suffered injury as a proximate result of this reliance.

74. Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court.

75. Plaintiff also alleges that the acts and omissions of named Defendants, whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff.  In that regard, Plaintiff will seek exemplary damages in an amount that would punish Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, together with interest, costs of suit, attorneys ' fees, and such further relief as the Court deems equitable and just.

## COUNT IX
## PUNITIVE DAMAGES

76. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

77. At all times relevant hereto, Defendants knew or should have known that the Defendants' Salomon X Drive Focus Skis were inherently more dangerous with respect to the risks of erosion, failure, pain and suffering, loss of life 's enjoyment, as well as other severe and personal injuries which are permanent and lasting in nature.

78. At all times material hereto, Defendants attempted to misrepresent and did misrepresent facts concerning the safety of the Defendants' Salomon X Drive Focus Skis.

79. Defendants' misrepresentation included knowingly withholding material information from the public, including Plaintiff, concerning the safety and efficacy of the Defendants' Salomon X Drive Focus Skis.

80. At all times material hereto, Defendants intentionally misstated and misrepresented data and continue to misrepresent data so as to minimize the risk of injuries caused by the Defendants' Salomon X Drive Focus Skis.

81. Notwithstanding the foregoing, Defendants continue to aggressively market the Defendants' Salomon X Drive Focus Skis to consumers, without disclosing the true risk when there were safer alternatives.

82. Defendants knew of the Defendants' Salomon X Drive Focus Skis defective and unreasonably dangerous nature, but continued to manufacture, produce, assemble, market, distribute, and sell the Defendants' Salomon X Drive Focus Skis so as to maximize sales and profits at the expense of the health and safety of the Public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by the Defendants' Salomon X Drive Focus Skis.

83. Defendants continue to intentionally conceal and/or recklessly and/or grossly negligently fail to disclose to the public, including Plaintiff, the serious risks of the Defendants' Salomon X Drive Focus Skis in order to ensure continued and increased sales.

84. Defendants' intentionally reckless and/or grossly negligent failure to disclose information deprived Plaintiff of necessary information to enable her to weigh the true risks of using the Defendants' Salomon X Drive Focus Skis against her benefit.

85. As a direct and proximate result of the foregoing acts and omissions, Plaintiff has required and will require health care and services, and has incurred medical, health care, incidental, and related expenses.  Plaintiff believes and further alleges that Plaintiff will in the future be required to obtain further medical care and/or hospital care and medical services.

86. Defendants have engaged in conduct entitling Plaintiff to an award of punitive damages pursuant Common Law principles.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly and severally and requests compensatory damages, together with interest, cost of suit, attorneys' fees, and all such other relief as the Court deems just and proper as well as:

A. All general, statutory, and compensatory damages, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate Plaintiff for all injuries and damages, both past and present;

B.  All special and economic damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate Plaintiff for all of her injuries and damages, pain and suffering;
C.  Attorneys' fees, expenses, and costs of this action;
D.  Double or triple damages as allowed by law;
E.  Punitive and/or exemplary damages;
F.  Pre-judgment and post-judgment interest in the maximum amount allowed by land; and
G.  Such further relief as this Court deems necessary, just, and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Dated: December 22, 2020

*Respectfully Submitted,*

By:

Gregory P. Howard (*local counsel*)
For Donovan O'Connor & Dodig, LLP
116 South Street
Bennington, VT 05201
Tel: (802) 442-3233
Fax: (802) 477-2970
Email: mail@docatty.com

By:

Bryan M. Ferris  (Pro Hac Vice to be filed)
SWARTZ CULLETON, PC
547 E. Washington Avenue
Newtown, PA  18940
Tel: (215) 550-6553
Fax: (215) 550-6557
Email: bferris@swartzculleton.com

By:

Matthew I. McElvenny  (Pro Hac Vice to be filed)
SWARTZ CULLETON, PC
547 E. Washington Avenue
Newtown, PA  18940
Tel: (215) 550-6553
Fax: (215) 550-6557
Email: mmcelvenny@swartzculleton.com

*Attorneys for Plaintiff*